UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                    Case Nos.:   3:19cr117/TKW/MAL
                                                   3:23cv8989/TKW/MAL
SAM JONES, JR.,

_____/

## REPORT AND RECOMMENDATION

This matter is before me upon Defendant Sam Jones's amended motion under 28 U.S.C. § 2255 to vacate, correct or set aside sentence. ECF No. 171. The Government filed a response and Jones filed a reply. ECF Nos. 173, 174.  After careful consideration of the parties' submissions, the record and the relevant law, I recommend Jones's amended motion be denied without an evidentiary hearing. Two of Jones's three claims challenge the application of the career offender enhancement, which was not applied in his case. Relief is also not warranted on his third claim, regarding the type of methamphetamine attributed to him, whether the claim is construed as alleging ineffective assistance of counsel or trial court error.

## I.     BACKGROUND

Jones was convicted after a bench trial of (1) conspiracy to distribute and possess with intent to distribute methamphetamine and (2) possession with intent to

distribute methamphetamine.[1] ECF Nos. 85, 86. The district court sentenced him to an enhanced statutory minimum mandatory term of 180 months' imprisonment based on the Government's filing of a notice of enhancement under 21 U.S.C. § 851. ECF Nos. 29, 30, 107; ECF No. 137 at 53.

Jones unsuccessfully appealed his conviction and sentence. ECF No. 151. The Supreme Court denied certiorari on October 3, 2022. ECF No. 159. He timely filed for postconviction relief in April of 2023. ECF No. 169. His amended motion, raising three grounds for relief, is currently before the Court. ECF No. 171.

## II.    DISCUSSION

### A. Grounds One and Two—Career Offender Enhancement

Jones claims in both Grounds One and Two that he was improperly sentenced as a career offender. ECF No. 171 at 4, 5. In Ground One he contends his attorney was ineffective because she failed to challenge the career offender enhancement. *Id.* at 4. In Ground Two he alleges the trial court erred in determining he was a career offender. *Id.* at 5.

---

[1] A third count charging him with possession of a firearm by a convicted felon was dismissed on the Government's motion at sentencing. ECF No. 107 at 1; ECF No. 137 at 53.

Jones's arguments are misguided because he was not sentenced as a career offender. *See* ECF No. 100, PSR ¶ 55 (reflecting no Chapter Four enhancement)[2]; ECF No. 137 (sentencing transcript). Additionally, his arguments are inapplicable to the enhancement actually applied.

Under the Sentencing Guidelines, a defendant qualifies as a career offender if (1) he was at least 18 years old at the time of the offense of conviction; (2) the offense of conviction is a crime of violence or a controlled substance offense; and (3) he has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a). In Ground One, Jones specifically claims he "did not meet the criteria for 'career offender' status, only having ONE prior felony conviction of a 'controlled substance' offense and has never been convicted of a 'crime of violence.'" ECF No. 171 at 4. He asserts counsel was ineffective for failing to challenge the "third element of 'career offender' status," (listed above), because he did not have at least two prior qualifying convictions. ECF No. 174 at 12.

---

[2] The draft Presentence Report, prepared before Jones withdrew his guilty plea on Count Three, reflected an ACCA enhancement, but not a career offender enhancement. ECF No. 90, "Draft" PSR ¶ 55. None of the three versions of the PSR reflected a career offender enhancement. *See* ECF No. 96, "Final" PSR ¶ 55; ECF No. 100, "Second Final" PSR ¶ 55.

In Ground Two, Jones claims the district court "erred at sentencing when it determined that he qualified as a 'career offender' under U.S.S.G. § 4B1.1 and § 4B1.2." ECF No. 171 at 5. Again, he focuses on the number of his prior convictions. Jones explains that he:

> has only one prior conviction in 2000 for one count of Conspiracy to Distribute Cocaine Base and two counts of Distribution of Cocaine Base. The guideline explains "prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest." Jones's prior convictions were not separated by an intervening arrest. Mr. Jones pled guilty to the offenses which were in the same charging instrument, and the sentence for them was imposed at the same time and on the same day.

ECF No. 171 at 5.

As noted above, Jones was not sentenced as a career offender under § 4B1.1 of the Sentencing Guidelines. ECF No. 100, PSR ¶ 55. Rather, his sentence was enhanced under 21 U.S.C. §§ 841 and 851. *See* ECF No. 29; ECF No. 100, PSR ¶¶ 115, 117. Additionally, Jones's arguments regarding the number of his prior convictions are irrelevant to the § 851 enhancement, as two prior convictions are not required.

Title 21 U.S.C. § 841(b)(1)(A) provides for a mandatory minimum 15-year sentence if an offender has "a prior conviction" for a serious drug felony or serious violent felony, and a mandatory minimum 25-year sentence if an offender has two

such prior convictions. *See also* 21 U.S.C. § 851(a)(1) (referencing procedural requirements for enhancements based on "*one or more* prior convictions") (emphasis added). The enhancement in Jones's case was properly based on his previous conviction in this court for conspiracy to distribute cocaine base and three counts of distribution of cocaine base. *See* ECF No. 100, PSR ¶ 63 (referencing N.D. Fla. Case 3:00cr7/RV).

Jones claims in his reply that "[a]bsent the career offender enhancement, the Petitioner's sentence for the instant offense would have had a mandatory guideline of 120 months," ECF No. 174 at 12. This is incorrect. The properly applied § 851 enhancement resulted in his mandatory 15-year sentence, instead of the otherwise applicable mandatory 10-year sentence. 21 U.S.C. § 841(a)(1)(A); ECF No. 137 at 58 (referencing 10-year sentence that would apply had Government not pursued the enhancement).

Counsel's failure to challenge a (non-existent) career offender enhancement was neither deficient nor prejudicial. *Hollis v. United States*, 958 F.3d 1120, 1124 (11th Cir. 2020) (counsel does not perform deficiently by failing to raise a meritless objection). Furthermore, Jones's claim of district court error is both without merit (because the career offender enhancement was not in fact applied), and procedurally

Page 5 of 10

defaulted because it was not raised on appeal. *See Seabrooks v. United States*, 32 F. 4th 1375, 1384 (11th Cir. 2022). There is no basis for relief on either ground.

B. Ground Three-Methamphetamine quantity

In his third ground for relief, Jones contends the district court erred in its interpretation of the substance schedules for methamphetamine. ECF No. 171 at 7. He asserts counsel was ineffective for failing "to challenge the three categories of methamphetamine for the purposes of determining the quantity of the drug." ECF No. 171 at 7. He presumably refers to the guidelines' Drug Quantity Table's reference to "methamphetamine," "methamphetamine (actual)" or "Ice." *See* U.S.S.G. § 4B1.1(c). Jones notes that a methamphetamine mixture weighing 10 grams with 50% purity would contain only 5 grams of actual methamphetamine "which should therefore be reflected in weights for Sentencing Guidelines." ECF No. 171 at 7.

Jones was held accountable for 4.536 kilograms or more of methamphetamine (actual), just over the 4.5-kilogram threshold corresponding to the highest offense level under U.S.S.G. § 2D1.1(c). ECF No. 100, PSR ¶¶ 29, 39, 155.[3] This amount,

---

[3] Based on this quantity, Jones would have had a base level of 38, but for a four-level decrease because he was found to be a "minor participant" in the conspiracy. *Id.*, PSR ¶¶ 39, 42.

approximately ten pounds, was the amount Jones and co-conspirator Alberto Leiba agreed that Leiba would deliver to Jones for him to sell. PSR ¶¶ 20, 27. Jones would pay Leiba a total of $70,000.00 ($7,000.00 per pound) once he had sold the drugs. PSR ¶¶ 20-21. When Leiba arrived at Jones's residence outfitted with an audio/video recording device, Leiba took inside approximately two pounds of methamphetamine that had been provided by law enforcement for Jones to inspect. PSR ¶¶ 25, 27. Leiba told Jones the other eight pounds were in the car. PSR ¶ 27. Jones accompanied Leiba outside to retrieve the rest of the drugs and was arrested. PSR ¶ 28.

The record reflects that counsel challenged both the drug quantity and purity determinations and argued that a significantly lower base offense level should apply. PSR at ¶¶ 155-161. The district court overruled the objections primarily based on the parties' stipulation to the contents of the lab reports and Leiba's trial testimony. ECF No. 137 at 8-11 (sentencing transcript).

Jones has not suggested what specific additional arguments counsel could or should have made that would have affected the outcome of the proceedings. Conclusory allegations of ineffective assistance without factual support, such as those offered by Jones, are insufficient to establish ineffective assistance of counsel. *Boyd v. Comm'r, Ala. Dep't of Corrs.,* 697 F. 3d 1320, 1333-34 (11th Cir. 2012);

*Dale v. United States*, 809 Fed. App'x 727, 728 (11th Cir. 2020). Relief on this ground should be denied.

## III.   CONCLUSION

An evidentiary hearing is not necessary to resolve Jones's claims because "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015). The guidelines' career offender enhancement was not applied in Jones's case, thus defeating Grounds One and Two of his motion. Additionally, Jones's conclusory allegations in Ground Three do not show that he is entitled to relief. Jones's amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be denied.

## IV.   CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After reviewing the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully RECOMMENDED:

1.    The amended motion to vacate, set aside, or correct sentence, ECF No. 171, be DENIED.

2.    A certificate of appealability be DENIED.

DONE on March 11, 2026.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

## NOTICE TO THE PARTIES

The case was referred to a magistrate judge for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.